No. 89—2485. Green v. Quackenboss. Appellee brought this action against appellants to recover for services as an architect, rendered by the former for the latter, at their special instance and request, and for commissions. There was a trial by jury, under the plea of non-assumpsit, a finding for the plaintiff, with damages assessed at $505, for which the court, overruling the defendants' motion for new trial, gave judgment, and the latter bring this appeal. The evidence upon some essential points was conflicting, but it was clearly sufficient to support the verdict. Affirmed. Opinion PER CURIAM. Judge below, ROLLIN S. WILLIAMSON. Attorneys, for appellants, Messrs. CRATTY BROS. & ALDRICH; for appellee, Mr. JOHN M. GARTSIDE. Opinion filed Dec. 22, 1886.

No. 86—2482. Gray v. Fuller Electrical Co. This was an action of assumpsit, brought by Isaac H. Gray against the Fuller Electrical Company, to recover certain commissions upon a sale of electrical apparatus, alleged to have been made by the plaintiff as agent for the defendant. The trial was had before the court without a jury, resulting in a finding and judgment for the defendant. The bill of exceptions fails to show that any exception was taken to the finding or judgment, and therefore, upon well recognized rules of law, said finding can not be assigned for error, nor can the court look into the record to determine whether it is supported by the evidence or not. Martin v. Foulke, 114 Ill. 206; David M. Force Manufacturing Co. v. Horton, 74 Id. 310; Sherman v. Skinner, 83 Id. 584; Parsons v. Evans, 17 Id. 238; Nimmo v. Kuykendall, 85 Id. 476; Bills v. Stanton, 69 Id. 51; Village of Hyde Park v. Cornell, 4 Bradwell, 602; Duncan v. Chandler, 5 Id. 499. Affirmed. Opinion PER CURIAM. Judge below, JOSEPH E. GARY. Attorneys, for appellant, Mr SIDNEY C. EASTMAN; for appellee, Messrs. DOW & BURNHAM. Opinion filed Dec. 22, 1886.

FOURTH DISTRICT.

No. 51. St. Louis & Terre Haute R. R. Co. v. Rose. An action of trover against a railroad company to recover the value of a car load of hoops wrongfully delivered to a person other than the consignee. *Held*, that it is the duty of a com-

mon carrier to deliver goods, received as freight, to the consignee at the place of destination named in the bill of lading, and for a wrongful delivery the carrier is liable in trover. Judgment of court below in favor of consignee, affirmed. Opinion by GREEN, J. Judge below, DAVID J. BAKER. Attorneys, for appellant, Mr. F. M. YOUNGBLOOD; for appellee, Messrs. PARISH & PARISH. Opinion filed Nov. 24, 1886.

No. 13. Minneapolis Harvester Works v. Becherer. On September 1, 1882, the appellees bought a twine-binder reaper from one Hartman, appellant's agent at Belleville, in St. Clair county, and gave their note for the amount of $140, due in one year, with seven per cent. interest for the purchase money unpaid at time of the sale. This note was guaranteed by Hartman, April 28, 1883; the appellees paid to Hartman $141.25 on the note and took his receipt. This money he never paid to the appellant, and when the note matured it brought this suit and was defeated in the court below and then appealed to this court. The evidence introduced upon the trial, showing the course of the dealings between appellant and its agent, Hartman, relating to the collection of notes taken by him, the court regards as sufficient to justify the finding of the jury, that he was authorized to receive the money upon the note in suit. It also sufficiently appears from the evidence that in this particular instance, the appellant ratified the act of Hartman in receiving the money before it was due. The judgment, however, is reversed for an error appearing in the record. The amount paid to Hartman was $141.25, and was received by him as shown by his receipt on the note and interest. At this time the note, with the interest accrued, amounted to more than $146. The appellants were entitled to recover the difference between the sum paid and the amount due upon the note according to its terms. The record is barren of any evidence that Hartman was authorized to receive less than the amount due upon any note in full payment of it, or that the appellant was ever informed that, in this instance, he had done so and approved his action. Opinion by PILLSBURY, J. Judge below, AMOS WATTS. Attorneys, for appellant, Messrs. DILL & SCHAEFER; for appellees, Mr. HENRY CHALLENOR. Opinion filed Nov. 24, 1886.

No. 10. Garner v. Stinnett. Appellee and one Parker met